|.CANNELLA, Judge.
Defendants, Kathryn Walker (Walker) and Allstate Insurance Company, appeal the trial court granting of a judgment not *760 withstanding the verdict (JNOV), which awarded the Plaintiff, Donna Rizzuto, $25,000 in permanent disability damages and increased the award for past and future suffering from $30,000 to $75,000. We reverse the JNOV and reinstate the jury’s verdict.

ISSUE

The Defendants contend that the trial court erred in granting the Plaintiffs request for a JNOV and thus, increased the jury’s past and future suffering award and awarded the plaintiff permanent disability damages.

FACTS AND PROCEDURAL HISTORY

Plaintiff, a registered nurse, was involved in an accident with Walker on June 22, 1998, when Walker’s car struck Plaintiffs car, causing her air bag to deploy. Plaintiff severely injured her right arm in the accident. As a result of her injuries, Plaintiff underwent an open reduction and internal fixation operation, was hospitalized for four days, has some residual scarring from the |asurgery, and was treated in physical therapy for several months. Two weeks after the accident, Plaintiff returned to work part-time and four weeks later she resumed full-time duties. A neurological examination in November of 1998 revealed no atrophy and a nerve conduction study performed at the same time indicated that the nerves severed in the accident were still intact electrically. Although Plaintiff achieved maximum improvement in terms of her need for future physical therapy or surgery, she still complains of stiffness in her elbow and the inability to perform certain personal hygiene tasks. According to Plaintiff, this pain and stiffness will prevent her from working as a staff nurse, which she planned to do after her children left home.
After a jury trial on September 14 and 15, 1999, Plaintiff was awarded $30,000 for past and future pain and suffering, $23,000 for past medical expenses, $3,800 for future medical expenses, and $3,458 for past lost wages. The jury did not award damages for either future loss of earning capacity or permanent disability. Plaintiff filed a motion for JNOV, which the trial court granted, increasing the past and future pain and suffering to $75,000 and awarding $25,000 for permanent disability. The Defendants appeal from the JNOV.

LAW AND ANALYSIS

Defendants contend that the trial court erred in granting the JNOV. We agree. A JNOV is warranted when facts and inferences point so strongly in favor of one party that reasonable men could not arrive at a contrary verdict, not merely when there is a preponderance of evidence for movant. If there is evidence opposed to the motion of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different | ¿conclusions, the motion should be denied. In making the determination, we should not evaluate, the credibility of witnesses and all reasonable inferences of factual questions should be resolved in favor of the non-moving party. Orgeron v. Prescott, 93-926 (La.App. 5 th Cir. 4/14/94), 636 So.2d 1033, writ denied, 94-1895 (La.10/28/94), 644 So.2d 654 (citing Anderson v. New Orleans Public Service, 583 So.2d 829 (La.1991)).
Here, the facts do not point so strongly in favor of the jury’s award being unreasonable to warrant a JNOV. The facts reveal that, although. Plaintiff s right arm injury was severe, it is now considerably healed. She ceased physical therapy when her doctor felt that neither further surgery nor therapy would alleviate her subjective complaints of pain. She has returned to the same job which she held prior to the accident, at the same salary, and has not applied for any staff nurse positions. In January of 1999, the Plaintiff indicated that there were still some activities of daily living that she could not perform, such as brushing the back of her hair. However, just three months prior, she indicated to the same doctor that she could perform the same activities.
*761 In granting the JNOV, the trial judge stated that since he believed Plaintiffs injuries were worth $100,000, he had to increase her award. However, there is no objective evidence to indicate that such an increase was warranted. In awarding Plaintiff $30,000 for past and future suffering, the jury took into account that she may experience some future pain. In not awarding damages for permanent disability, however, the jury believed that, if that pain did exist, it did not translate into permanent disability. Based on the objective evidence adduced at trial, such a finding was not unreasonable. Clearly here, reasonable men could arrive at a verdict contrary to the trial court. Because of |sthat, the trial court committed manifest error in granting Plaintiffs JNOV. Accordingly, we reverse and reinstate the jury’s verdict. Costs of appeal are assessed to Plaintiff.
REVERSED.